IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

   v.                                       No. 13-CR-1867 WJ

ALVERT MILLER,

        Defendant.

### MEMORANDUM OPINION AND ORDER GRANTING UNITED STATES' MOTION *IN LIMINE* TO INTRODUCE EVIDENCE OF DEFENDANT'S MULTIPLE PRIOR DUI CONVICTIONS

THIS MATTER comes before the Court upon the Government's Motion *in Limine* to Introduce Evidence of Defendant's Multiple Prior DUI Convictions (Doc. 41) filed on 02/24/2014. The Defendant Alvert Miller was indicted with second-degree murder for the unlawful killing of Herman Miller ("Herman") with malice aforethought (Doc. 13). Because Herman was killed in a vehicle crash that occurred while Defendant was driving under the influence, Government brings this motion to introduce in its case in chief evidence of Defendant's four prior DUI convictions, two of which were Utah state convictions (1998 & 1999) and two more from the Navajo Nation District Court (2006 & 2011), pursuant to Federal Rules of Evidence 404(b). Upon reviewing the applicable law and arguments presented by both parties, the Court finds that the Government's Motion *in Limine* should be GRANTED.

**LEGAL STANDARD**

Evidence of Defendant's prior criminal acts is admissible if the four requirements set forth in *Huddleston v. United States*, 485 U.S. 681 (1988) are met: (1) the evidence is offered for a proper purpose under Fed. R. Evid. 404(b); (2) the evidence is relevant under Fed. R. Evid.

1

401; (3) the probative value of the evidence is not substantially outweighed by its potential for unfair prejudice; and (4) the district court, upon request, instructs the jury to consider the evidence only for the purpose for which it was admitted. *See also United States v. Tan*, 254 F.3d 1204, 1207 (10th Cir. 2001).

## DISCUSSION

I. **Evidence of Defendant's Prior DUI Convictions Satisfies the 3 Prong *Huddleston* Test**

A. The Government Offers Defendant's Multiple DUI Convictions for a Proper Purpose Under Rule 404(b)

The Government intends to use Defendant's prior DUI convictions to meet the "malice aforethought" element of second degree murder since they will show that Defendant knew yet did not care that his conduct of drinking and driving was dangerous to himself and others. In *Tan*, the Tenth Circuit reversed the district court's decision to exclude four Navajo Nation DUI convictions and three New Mexico State DUI convictions because "[f]rom the number of convictions, the jury could infer that Defendant does not care about the risks he poses to himself and others since he continues to drink and drive," explaining that "such evidence is highly probative of malice." 254 F.3d at 1210.

Fed. R. Evid. 404(b) states that a Defendant's "other crimes, wrongs, or acts" are admissible for the purposes of proving motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Relying on *Tan, t*his Court finds that "[p]rior drunk driving convictions offered to prove the malice component of a second degree murder charge resulting from alcohol related vehicular homicide are offered for a proper purpose under Rule 404(b)." 254 F.3d at 1211.

B. Defendant's Multiple DUI Convictions Are Relevant Under Rule 401

Fed. R. Evid. 401 describes relevant evidence as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the act more probable than it would be without the evidence." In *United States v. Leonard*, the Tenth Circuit upheld the district court's finding that the evidence (defendant's driving record which included multiple citations for driving without a license) was relevant under Rule 401 and admissible because a jury could infer "that an individual with a record like Mr. Leonard's 'knows better than most' that his conduct is illegal and unsafe, and continues to do so in defiance of that risk." 439 F.3d 648, 651 (10th Cir. 2006).

Likewise, the Government correctly claims that the Defendant's prior convictions are relevant because they make the existence of Defendant's malice, a "fact that is of consequence to the determination of the act," more probable than not. Fed. R. Evid. 401.

C. <u>Defendant's Multiple DUI Convictions are More Probative than Prejudicial Under Rule 403</u>

Under Fed. R. Evid. 403, evidence is admissible unless the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. Unfair prejudice only occurs where evidence "makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant *wholly apart* from its judgment as to the guilt or innocence of the crime charged." *Tan*, 254 F.3d at 1211-12 (emphasis in original). *Tan* cautions that exclusion of evidence under Rule 403 is an "extraordinary remedy and should be used sparingly." *Id.*

The Tenth Circuit found that evidence of defendant's prior DUI convictions add high probative value in the absence of other conduct by the defendant "from which malice can be readily inferred." *Id.* at 1212.

Here, the Government points out that there is no other evidence from which the malice component of second degree murder can be inferred aside from Defendant's multiple DUI convictions and records. The record indicates that there are no witnesses to the accident, making Defendant's prior DUI convictions the only evidence from which malice can be inferred. *Tan* dictates that this increases the probative value of Defendant's prior bad acts to outweigh the degree of prejudice necessary to exclude the evidence under Rule 403, particularly where the Government claims it will allow Defendant to request limiting instructions at trial.

The Court finds that the Defendant's prior convictions are more probative than prejudicial. As such, the Government has met all three requirements of the *Huddleston* test, and evidence of the prior convictions shall be admitted unless Defendant shows otherwise.

   D.  The Presumption of Regularity

The Defendant does not directly argue that his prior convictions fail to meet the *Huddleston* test. Rather, he claims that his priors are unreliable because the Government failed to show in its *Motion in Limine* (Doc. 41) that each of the Defendant's guilty pleas (all 4 prior convictions were based on guilty pleas) was knowing and voluntary. *See McCarthy v. U.S.*, 394 U.S. 459, 466 (1969) (stating that if the defendant's guilty pleas were not knowing and voluntary, they are obtained in violation of due process and therefore void).

The Government rebuts that the Defendant incorrectly shifts the burden to show the reliability of his prior convictions on the Government. In *United States v. Cruz-Alcala*, the Tenth Circuit held that once the government establishes the existence of a prior conviction, it then becomes the defendant's burden to prove by a preponderance of evidence that the conviction was unconstitutional. 338 F.3d 1194, 1197 (10th Cir. 2003). This "presumption of regularity" attaches to final judgments, even when a waiver of constitutional rights is at issue. *Parke v.*

*Raley*, 506 U.S. 20, 29 (1992). To overcome this presumption, a defendant may not simply point to silent or ambiguous record, but must come forward with affirmative evidence establishing that the prior convictions were obtained in violation of the Constitution. *See United States v. Wicks*, 995 F.2d 964, 978-79 (10th Cir. 1993).

Here, the Government provided certified copies of the Defendant's multiple DUI convictions. Therefore, the Defendant now has the burden to prove by a preponderance of evidence that his prior convictions were obtained in violation of the Constitution. The Defendant must make that showing using affirmative evidence.

**II.     Defendant Claims that His Prior Convictions are Unreliable and Should Not be Admitted**

A.  <u>Defendant's 1998 Utah State DUI Conviction</u>

The Government has supplied two documents as exhibits from Defendant's 1998 conviction: (1) Sentencing Minute Entry and (2) Arraignment/Sentencing Form-Centerville City Court.

1. *Sentencing Minute Entry*

The Sentencing Minute Entry states that the Defendant was sentenced "without an attorney" present. Defendant argues that the Court cannot assume that he was informed of his rights by counsel and that admitting the 1998 conviction would violate his Sixth Amendment right to counsel. However, the Government attached as its Reply as Ex. 1 Defendant's signed waiver of constitutional rights dated May 7, 1998.

2. *Arraignment/Sentencing Form-Centerville City Court*

This document contains a line that states "Defendant Advised of Rights" that is marked by an "X." Defendant claims that (1) the document is not signed by the judge, (2) there is no indication that Defendant's constitutional rights were reviewed with him by the judge, and (3)

there is no indication that the judge confirmed that Defendant understood the rights he waived by pleading guilty. As such, Defendant argues that admitting his 1998 conviction would violate his Fifth Amendment right to due process.

However, the May 1998 signed waiver document explains the entry of a plea, the effect of a not guilty plea, the effect of a guilty or no contest plea, and the effects of a conviction. In addition, the "X" marked on the line that states "Defendant Advised of Rights" is sufficient to show that the Defendant was advised of his rights. The fact that the forms do not explicitly and unequivocally demonstrate that the Defendant's rights were reviewed or confirmed with him is not enough to prove by a preponderance of evidence that Defendant's Fifth Amendment rights were violated.

   B. <u>Defendant's 1999 Utah State DUI Conviction</u>

The Defendant challenges two documents concerning his 1999 conviction: (1) Minutes- Pretrial Conference Change of Plea Sentence, Judgment, Commitment and (2) Notification of Charges and Waiver of Constitutional Rights Form (*Deft. Ex. A)*.

   1. *Minutes- Pretrial Conference Change of Plea Sentence, Judgment, Commitment*

This document states that the "[c]ourt advises defendant of rights and penalties" and that he was represented by counsel. While the clerk's minutes are signed by the judge, the Defendant contends that this document is unconstitutional because it does not state which rights were advised to him. However, that the minutes fail to list out each of his rights is not enough to prove by a preponderance of evidence that the prior conviction is constitutionally invalid.

   2. *Notification of Charges and Waiver of Constitutional Rights Form, Deft. Ex. A*

Next, the Defendant claims that this form was not signed by the judge and not filed. On this basis, he concludes that the judge had neither reviewed his rights with him nor confirmed that he understood those rights, making that guilty plea unreliable and therefore, invalid.

The Defendant's claims are not persuasive. It is not material that the judge's signature is missing because the Defendant and his attorney still signed the form. Further, it is unclear why the Defendant claims that this form was not filed because the deputy court clerk had stamped the form, dated, and signed it. *See Deft. Ex. A.*

C. Defendant's 2006 and 2011 DUI Convictions in District Court of Navajo Nation

In *United States v. Shavanaux*, the Tenth Circuit held that under 18 U.S.C. Section 117(a), tribal court convictions deemed valid under the Indian Civil Rights Act ("IRCA")[1] may be admitted in subsequent federal prosecutions. 647 F.3d 993 (10th Cir. 2011).

1. *2006 and 2011 Tribal Convictions for DUI*

- In support of admitting Defendant's 2006 tribal conviction, the Government submitted its Exhibit 3 (2006 Judgment) and Exhibit 4 (2007 Order of Closure).
- In support of admitting Defendant's 2011 tribal conviction, the Government submitted its Exhibit 5 (2011 Judgment), Exhibit 6 (2011 Order Granting Extension), and Exhibit 7 (2012 Order of Closure).

The Defendant asserts that pursuant to Rule 12(c) of the Navajo Rules of Criminal Procedure ("NRCP"), IRCA requires the judge to advise defendants of their rights prior to accepting a guilty plea and the defendants to waive those rights before pleading guilty.

The Defendant emphasizes that the Government's Exhibits 3-7 do not show that the judge advised Defendant of his rights under Rule 12(c) of the NRCP or that Defendant waived those rights before he pled guilty. He claims that this dearth of information renders his 2006 and

---

[1] 25 U.S.C. §1302.

7

2011 guilty pleas unreliable because it is possible that those guilty pleas were obtained in violation of the due process requirements of IRCA.

Again, the Defendant has the burden to show by a preponderance of evidence that his prior convictions are constitutionally invalid. He must do so using affirmative evidence such as the one used in *United States v. Bundy*, 966 F. Supp. 2d 1175 (D.N.M. 2013);[2] *see also United States v. Wicks*, 995 F.2d 964, 978-79 (10th Cir. 1993).[3] In *Bundy*, the defendant provided the court with a copy of the transcript of her guilty plea proceeding. Although Rule 12(c) of the NRCP required the judge to explain to defendant her rights before accepting her plea, the transcript showed "a cursory, rudimentary colloquy…the transcript does not include any enumeration of those rights nor does the record show that Defendant was told that she was giving up those rights by pleading guilty." 966 F. Supp. 2d 1171.

Instead of providing affirmative evidence comparable to Bundy's plea proceeding transcript which conclusively verified that Bundy's rights were violated, our Defendant merely points out that the judgment and the order of closure documents do not explicitly show that the judge followed Rule 12(c) of the NRCP. Such ambiguity or silence in the record is not affirmative evidence and cannot be used to overcome the presumption of regularity.

Further, Bundy's counsel represented to the court that an examination of the tape of the proceedings before the tribal court failed to show any explanation of rights to the defendant or

---

[2] The Defendant submitted Chief U.S. District Judge Armijo's Memorandum Order and Opinion as supplemental authority. *See* Doc. 48. While *Bundy* is persuasive authority, the Court still recognizes that it serves as a good reference point.

[3] "At a minimum, then, a defendant pointing to a silent or missing record of a prior plea proceeding must begin by also submitting an affidavit or its equivalent asserting that the defendant's plea was in fact not voluntary or was lacking the necessary understanding, and specifying in detail the factual support for such assertion. Self-serving conclusory statements would be unavailing…[but] [a]ffidavits or testimony by judges, government and defense attorneys, probation officers, and others involved in and knowledgeable about the challenged proceedings, and directly supporting the defendant's position, would be probative."

any other person. Here, Defendant's counsel attempts to recreate *Bundy* by bringing in a Navajo language court interpreter to the hearing on April 4, 2014 to testify that she heard a tape of plea proceedings from 2006. She stated that the tape was very difficult to hear and that she did not hear the Defendant's proceeding at all. Again, this silence in evidence is not sufficient to meet the Defendant's burden to show by a preponderance of affirmative evidence that the convictions are constitutionally invalid.

## CONCLUSION

Because the Defendant failed to meet his burden in overcoming the presumption of regularity and because Defendant's prior convictions satisfy each requirement of the *Huddleston* test, the Court GRANTS the Government's Motion *in Limine*.

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE